UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHELLE FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-247 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a decision of the Commissioner of Social Security.  The matter is currently before the court on defendant's motion under Rules12(b)(1) and 56(b) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  (docket # 8).  Upon review, I recommend that defendant's motion be granted and that this lawsuit be dismissed for lack of subject matter jurisdiction.

**Facts**

On January 28, 2005, an administrative law judge (ALJ) issued a fully favorable decision on plaintiff's claim for a period of disability and disability insurance benefits, and mailed a copy thereof to plaintiff and her representative.  The decision informed plaintiff that she had sixty days from her receipt to the decision within which to seek review by the Appeals Council.  Plaintiff did not file her request for review by the Appeals Council until April 13, 2006, approximately fifteen

months after the ALJ's decision. On June 6, 2006, the Appeals Council sent plaintiff a letter inviting her to explain her reasons for not requesting review within the sixty-day period. Plaintiff's response is dated July 5, 2006. On September 13, 2006, the Appeals Council issued its decision dismissing plaintiff's untimely request for review, finding that plaintiff's proffered explanation did not constitute good cause. (docket # 9, Attachment 5). Plaintiff filed this lawsuit on March 17, 2007.

## Discussion

The court's jurisdiction under 42 U.S.C. § 405(g) is limited to reviewing a "final decision" of the Commissioner of Social Security. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). "The Social Security Act provides that '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain review of such decision by a civil action' in federal district court. 42 U.S.C. § 405(g). But the Act does not define 'final decision,' instead leaving it to the SSA [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000)(citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. . . . [I]f . . . the Council denies the request for review, the ALJ's decision becomes the final decision." *Sims*, 530 U.S. at 106-07. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. *See* [20 C.F.R.] § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims*, 530 U.S. at 107. Here,

plaintiff filed an untimely request for review of the ALJ's decision which the Appeals Council dismissed. "Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). SSA regulations state, "If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review." 20 C.F.R. § 404.900(b). The Appeals Council did not find "good cause" to excuse plaintiff's untimely filing. Thus, the ALJ's decision is not a "final decision" within the meaning of the Social Security Act, or in administrative-law parlance, judicial review of the ALJ's decision is unavailable because the plaintiff did not properly exhaust her administrative remedies.

Furthermore, the Appeals Council's order dismissing plaintiff's untimely request for review is "not a 'final decision' as that term has been defined by the [Social Security] Act and regulations." *Young v. Commissioner*, No. 95-2357, 1996 WL 343527, at * 1 (6th Cir. June 20, 1996) (citing *Hilmes v. Secretary of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993)); *see Norling v. Commissioner*, No. 95-1789, 1996 WL 112570, at * 1 (6th Cir. Mar. 13, 1996); *see also Gilchrist v. Barnhart*, 175 F. App'x 840, 841 (9th Cir. 2006)("The Appeals Council's dismissal of an untimely request for hearing is not a final decision for which judicial review is available.")(citing *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990)); *Nicosia v. Barnhart*, 160 F. App'x 186, 187 (3d Cir. 2005); *Brandtner v. Department of Health & Human Servs.*, 150 F.3d 1306, 1307 (10th Cir. 1998)(collecting cases); *Stump v. Barnhart*, 387 F. Supp. 2d 686 (E.D. Tex. 2005).

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion (docket # 8) be granted, and that this lawsuit be dismissed for lack of subject matter jurisdiction.

Dated:   December 21, 2007              /s/  Joseph G. Scoville
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).