UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE FERGUSON, | Case No. 1:07-cv-247 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Overruling the Plaintiff's Objection and Adopting the R&R;
Dismissing the Complaint for Failure to Exhaust Administrative Remedies**

In February 2003, Michelle Ferguson applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), specifically 42 U.S.C. §§ 216(I) and 223, and the Social Security Administration ("SSA") initially denied the application in May 2003. *See* Declaration of Earnest Baskerville, Chief of Court Case Preparation and Review, Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, dated April 7, 2007 ("Baskerville Dec"), Ex. 1. Ferguson then sought and received a hearing before Administrative Law Judge ("ALJ") Earl Witten; Ferguson testified at the hearing and was represented by counsel, and ALJ Witten issued a decision denying her application in July 2004. *Id.* Ferguson appealed to the SSA Appeals Council, which vacated ALJ Witten's decision and remanded for further consideration of Ferguson's claim of disability due to mental impairments. Ferguson filed another Title II DIB application in August 2004, which was found to be a duplicate application, and the SSA added all medical and non-medical information from that application to the remand file of her first application. *Id.*

On January 28, 2005, SSA-ALJ Patricia Hartman issued a favorable decision on Michelle Ferguson's application for a certain period of time. *See* Baskerville Dec. ¶ 3(a). The SSA mailed the ALJ's decision to Ferguson and to her counsel, and it informed them of Ferguson's right to file an appeal by submitting a request for review within sixty days of her receipt of the decision. *Id.* ¶ 3(a) and Ex. 1.

On April 13, 2006, about one year and seventy-five days after the ALJ's decision was mailed to Ferguson and her counsel – both at addresses in Battle Creek, Michigan – Ferguson filed a request for review of the decision. Baskerville Dec. ¶ 3(b) and Ex. 2. On June 6, 2006, the SSA Appeals Council sent Ferguson a letter asking her to show good cause for filing her request for review more than sixty days after she received the ALJ's decision. *Id.* ¶ 3© and Ex. 3. By letter dated July 5, 2006, Ferguson claimed simply, "I didn't receive information to appeal the decision or I would have." *Id.* ¶ 3© and Ex. 4. It is not entirely clear whether Ferguson was claiming that she never received the Appeals Council's notice, or instead, that she did not receive information from her own attorney or some other source that she thought she needed in order to seek Appeals Council review. Moreover, Ferguson's letter did not allege that *her attorney* did not receive ALJ Hartman's January 2005 decision and the accompanying notice that she had to request review within sixty days of receiving that decision.

On September 13, 2006, as permitted by 20 C.F.R. § 404.971, the SSA Appeals Council dismissed as untimely Ferguson's request for review of ALJ Hartman's January 2005 decision, finding that she had not shown good cause for the untimeliness in seeking Appeals Council review. *Id.* ¶ 3(d) and Ex. 5.

In March 2007, Ferguson filed the instant action seeking review of the Commissioner's decision, and the case was assigned to the Honorable Robert Holmes Bell, Chief Judge; the case was re-assigned to this judge on August 10, 2007. In May 2007, the Commissioner filed a motion to dismiss, which was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), for a Report and Recommendation ("R&R"). The Commissioner's motion

2

contended that Ferguson failed to fully and properly exhaust her administrative remedies and thus that this court lacks jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and (h). On December 14, 2007, Ferguson, proceeding *pro se* (without an attorney), filed a one-page letter opposing the Commissioner's motion.  Ferguson's letter stated, in its entirety,

> I would like to object to Defendant[']s factual motion.  Court has subject matter jurisdiction in this case.
>
> I have exhausted all administrative remedies before coming before court.  Enclosed is last attempt to request a review of my case in December 2006 which was Denied.  In 3rd paragraph [the letter?] grants me the right to take case to United States district court.  Also you may contact my aide Carolyn Kapustij in [U.S.] Senator [Carl] Levin's office in Detroit [telephone number omitted] who has been helping me.
>
> Please contact me if you need any further information.

Ferguson's opposition letter did not make any attempt to specifically show how she allegedly availed herself of each of the required steps in the administrative review process.  The Commissioner did not file a reply brief in support of his motion to dismiss, and the time for him to do so has expired.

On Friday, December 21, 2007, the magistrate judge issued his R&R, recommending that this court grant the government's motion to dismiss on the ground that Ferguson failed to exhaust her administrative remedies before filing this action.  Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file *specific*, written objections to the proposed findings and recommendations."  Emphasis added.  Calculating the ten-day period as prescribed by Federal Rule of Civil Procedure 6(a), the court finds that the plaintiff timely filed a purported objection to the R&R by a letter that was dated December 29, 2007 and filed December 31, 2007.

The court finds, however, that Ferguson's so-called objection (like her opposition to the motion

to dismiss) is conclusory, general, and unsupported. Ferguson's objection states, in its entirety,

> I'm objecting too [sic] Report and Recommendations.
>
> Carl Levin's office has had my Social Security case for or since [sic] 2004.
>
> I don't feel I should be dismissed. I've cooperated with last sent [sic] on December 15, 2007 I sent correspondence that proved that court has subject matter jurisdiction. Furthermore, it was not entered in the Report and Recommendations. I Don[']t think that's fair.

Ferguson's objection does not cite any statutory or regulatory provisions or case law, and she does not attempt to *substantively* counter the government's argument that she did not exhaust her administrative remedies. For the purpose of a district judge's review of a magistrate judge's R&R, these failings render Ferguson's purported objection the same as no objection at all. *See Unsworth v. Konteh*, No. 3:06-cv-1856, 2007 WL 4365402, *4 (N.D. Ohio Dec. 10, 2007) (Patricia A. Gaughan, J.) ("General objections to the entirety of a magistrate judge's report have the same effect as would a failure to object.") (quoting *Wallace v. Adams*, No. 94-5878, 1995 WL 141385, 51 F.3d 274 (6th Cir. Mar. 24, 1995) (per curiam) (Kennedy & Daughtrey, JJ., and Cleland, D.J.) and citing *Bates v. Chapleau*, No. 94-5210, 37 F.3d 1498, 1994 WL 532937 (6th Cir. Sept. 30, 1994) (per curiam) (Suhrheinrich, Siler, & Batchelder, JJ.)).

"Only those objections that are specific are entitled to a de novo review under the statute [the Magistrates Act, 28 U.S.C. § 636]." *Westbrook v. O'Brien*, No. 1:07-cv-937, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding that a district court need not provide de novo review of an R&R where the objections are frivolous, conclusory, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider")), *recon. denied*, 2007 WL 4327377

4

(W.D. Mich. Dec. 10, 2007).[1]

Furthermore, the United States Supreme Court has held that the Magistrates Act does not even require "some lesser review", i.e., review that is more deferential than de novo review, when no specific objections are filed. *See Wigfall v. Holinka*, No. 1:07-cv-965, 2007 WL 4191967, *1 (W.D. Mich. Nov. 21, 2007) (Maloney, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).[2] In other words, "[i]f a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard." *Nash v. US*, Civ. No. 03-cv-40343, 2005 WL 2347321, *1 (E.D. Mich. Sept. 26, 2005) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp.2d 806, 807 (E.D. Mich. 2002)). As our Circuit has stated,

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination

---

[1] *Accord Doyle v. Jones*, Nos. 1:06-cv-628 and 1:06-cv-630, 2007 WL 4052032, *1 (W.D. Mich. Nov. 15, 2007) (Wendell Miles, J.);

*US v. Jones*, No. 3:06-crim-149, 2007 WL 4591915, *10 n.5 (E.D. Tenn. Dec. 14, 2007) (C. Clifford Shirley, U.S.M.J.) ("The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclus[ory], or general.");

*Bell v. Willis*, No. 1:07-cv-212, 2007 WL 4338135, n.4 (E.D. Tenn. Dec. 10, 2007) (Harry S. Mattice, Jr., J.) (same);

*US v. Corona*, No. 3:05-crim-148, 2008 WL 114989, *10 n.3 (E.D. Tenn. Jan. 10, 2008) (Thomas W. Phillips, J.) (same);

*Rosenbaum v. Astrue, Comm'r of Soc. Sec.*, No. 3:07-cv-32, 2008 WL 80149, *7 n.2 (E.D. Tenn. Jan. 7, 2008) (Thomas A. Varlan, J.) (same).

[2] *See also Dawson v. Norwood*, No. 1:06-cv-914, 2007 WL 3302102, *1 (W.D. Mich. Nov. 6, 2007) (Maloney, J.); *Wilson v. Berghuis*, No. 1:07-cv-254, 2007 WL 3302101, *1 (W.D. Mich. Nov. 6, 2007) (Maloney, J.); *Baker v. Vanderark*, No. 1:07-cv-004, 2007 WL 3244075, *1 (W.D. Mich. Nov. 1, 2007) (Maloney, J.).

>without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991), cited by *Nash*, 2007 WL 2347321 at *2 (Gadola, J.) ("Accordingly, the Court will not consider Plaintiff's objections, and the Court need not conduct a review.").

In any event, the court finds the R&R to be well-reasoned. For the reasons explained by the R&R, Ferguson failed to exhaust her administrative remedies. The ALJ decision issued on January 28, 2005 was mailed to the addresses on file for both Ferguson and her attorney, and she has never alleged that those addresses were incorrect. The ALJ's decision clearly advised Ferguson and her attorney that she had only sixty days in which to seek review by the SSA Appeals Council. She did not seek review until April 2006, about fifteen months later, and she failed to provide an explanation constituting "good cause" for the lengthy delay. If a claimant fails to timely request review from the Appeals Council, there is simply no final decision, and as a result, no judicial review in most cases. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citing 20 C.F.R. § 404.900(b) and *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986)). *Cf., e.g., Giesse v. Sec'y of HHS*, 476 F. Supp.2d 734, 744 (N.D. Ohio 2006) ("Because the ALJ accordingly dismissed Mr. Giesse's case on jurisdictional grounds and the MAC denied his request for review, the Court likewise lacks jurisdiction to hear this administrative claim under [42 U.S.C.] § 405(g).") (citing, *inter alia*, *Hilmes v. Sec'y of HHS*, 983 F.2d 67 (6th Cir. 1993)).

The court notes only one issue not addressed by the R&R. The United States Supreme Court has held that courts may excuse a claimant from exhausting administrative remedies in "certain special cases", such as when the plaintiff raises a challenge that is wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984). For example, in *Matthews v. Eldridge*, 424 U.S. 319 (976), the Supreme Court held that the federal district court could waive the exhaustion requirement where the

6

plaintiff asserted a challenge to the agency's refusal to allow a hearing before terminating benefits and made a "colorable" showing that his injury could not be remedied by retroactive payment of benefits following the exhaustion of all administrative remedies. *Heckler*, 466 U.S. at 618; *see also Leach v. Comm'r of Soc. Sec.*, No. 97-5689, 145 F.3d 1332, 1998 WL 228033, *2 (6th Cir. Apr. 28, 1998) (per curiam) (Guy, Ryan, & Daughtrey, JJ.) (an otherwise unappealable administrative decision may be reviewable on constitutional grounds) (citing *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992) (discussing *Califano v. Sanders*, 430 U.S. 99 (1977))); *cf., e.g., Estate of Barbeaux v. Lewis*, 196 F. Supp.2d 519 (W.D. Mich. 2002) (Quist, J.).

Conversely, absent any colorable constitutional claim that is independent of the alleged entitlement to benefits, a federal court has no jurisdiction to review the SSA Appeals Council's decision not to allow untimely review or otherwise reopen a case. *Leach*, 1998 WL 228033 at *2 (citing *Cottrell*, 987 F.2d at 345). Here, the record discloses no colorable constitutional claim that would authorize this court to review the Appeals Council's determination that Ferguson did not show good cause for failing to seek Council review within sixty days of receiving the ALJ's decision.

As our Circuit stated in a similar case,

> In the present case, plaintiff alleges that her due process rights were violated. But *plaintiff will not now be heard to complain that she was somehow denied the opportunity to pursue her administrative remedies when in fact she simply failed to pursue those remedies in a timely manner.* * * * Plaintiff's challenge to the order of the AC [SSA Appeals Council] does not amount to a constitutional claim.

*Coleman v. Comm'r of Soc. Sec.*, No. 96-1395, 125 F.3d 855, 1997 WL 539674, *3 (6th Cir. Aug. 29, 1997) (per curiam) (Batchelder & Cole, JJ., and Spiegel, U.S.D.J.) (emphasis added, citation omitted).[3]

---

[3] *Contrast Suciu v. Barnhart*, 405 F. Supp.2d 874 (M.D. Tenn. 2005) (John Nixon, J.) (finding

Therefore, this court lacks subject-matter jurisdiction to review the ALJ's decision regarding benefits *or* the Appeals Council's determination that Ferguson's request for review was untimely without good cause.

Accordingly, having reviewed the complaint, the Commissioner's motion to dismiss, the parties' motion briefs, the R&R, and the plaintiff's purported objection to the R&R, the court hereby **OVERRULES** the plaintiff's objection, **ADOPTS** the R&R, and **DISMISSES** the complaint.

This case is **TERMINATED.**

This is a final order.

**IT IS SO ORDERED this 28th day of January 2008.**

/s/ Paul L. Maloney
_____

Paul L. Maloney
United States District Judge

---

that claimant presented a colorable claim that his Fifth Amendment due process rights were violated when an SSA-ALJ violated the SSA's own regulations in cancelling a hearing) ("The Court has jurisdiction to review the full administrative record to determine if the decision not to reopen because no 'good cause' was shown was in fact based upon substantial evidence in the record. This jurisdictional authority stems from the suggestion that Plaintiff's mental impairments may have impaired his ability to take advantage of the administrative process and attend his hearing.").