UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| MICHELLE FERGUSON, | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-247 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER CERTIFYING THAT PLAINTIFF'S APPEAL IS NOT TAKEN IN**

**GOOD FAITH, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, AND**

**NOTICE PURSUANT TO FED. R. APP. P. 24(a)(4)**

This was a social security action brought under 42 U.S.C. § 405(g).  On December 21, 2007, a magistrate judge of this court issued a report and recommendation recommending that defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction be granted. (docket # 15).  Plaintiff filed a conclusory, general, and unsupported objection to the report and recommendation.  The court held that plaintiff's general objection constituted a waiver of her objections to the report and recommendation.  The court agreed with the magistrate judge's finding that the court lacked subject matter jurisdiction to review the ALJ's decision regarding benefits or the Appeals Council's determination that plaintiff's request for review was untimely without good cause.  On January 28, 2008, the court dismissed plaintiff's complaint for lack of subject-matter jurisdiction.  (docket # 17).  On February 29, 2008, plaintiff filed a notice of appeal and a motion for leave to appeal *in forma pauperis*.  (docket # 19).

Under Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, a party who has proceeded *in forma paupers* in the district court is entitled to pauper status without further authorization on appeal, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding. FED. R. APP. P. 24(a)(3)(A); *see Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). Likewise, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the court must screen the proposed appeal to determine whether it meets these standards. *Callihan*, 178 F.3d at 803. Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure and section 1915(a)(3) establish an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Scott v. Patrick*, No. 1:06-cv-568, 2007 WL 426519, at * 1 (W.D. Mich. Feb. 2, 2007); *Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 221530, at * 3 (W.D. Tenn. Jan. 24, 2007). In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous. *Scott v. Patrick*, 2007 WL 426519, at * 1; *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993). Rule 24(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(1) require an affidavit by plaintiff identifying the issues the party intends to present on appeal which support her belief that she is a person entitled to redress. FED. R. APP. P. 24(a)(1)(B), (C); 28 U.S.C. § 1915(a)(1). This is designed to assist courts in the process of determining whether an appeal is taken in good faith. *See, e.g., Callihan*, 178 F.3d at 803 ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal."); *Overton v. I.R.S.*, 23 F. App'x 962, 963 (10th Cir. 2001);

*Petrano v. Mistress*, No. 8:04-cv-2534, 2007 WL 294234, at * 1 (M.D. Fla. Jan. 29, 2007); *Armstrong v. Wells Fargo Bank, N.A.*, No. 2:06-cv-1418, 2006 WL 3734737, at * 1 (E.D. Cal. Dec. 18, 2006); *Marshall v. National Grange Mut. Ins. Co.*, 1:05-cv-156, 2006 WL 3864783, at * 1 (E.D. Tenn. Dec. 5, 2006).  "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004).  A district court does not abuse its discretion in denying an *in forma pauperis* motion that is not accompanied by a sworn affidavit or declaration as required by 28 U.S.C. § 1915(a)(1) and Rule 24(a)(1) of the Federal Rules of Appellate Procedure.  *See Flippin v. Massey*, 86 F. App'x 896 (6th Cir. 2004); *Reynolds v. Federal Bureau of Prisons*, 30 F. App'x 574, 575 (6th Cir. 2002).

Applying these standards, the court concludes that plaintiff should not be granted leave to appeal *in forma pauperis*, as her appeal would undoubtedly be frivolous.  Plaintiff has not attempted to satisfy her burden of demonstrating a meritorious claim on appeal.  Moreover, plaintiff's failure to raise specific objections to the report and recommendation of the magistrate judge constituted a waiver of future appellate review.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Accordingly:

IT IS CERTIFIED, pursuant to Fed. R. App. P. 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that any appeal in this matter by plaintiff is not taken in good faith.

IT IS ORDERED that plaintiff's motion for leave to appeal *in forma pauperis* (docket # 19) be and hereby is DENIED.  The Clerk is directed to provide notice to the parties and the Court of Appeals of this court's decision as required by Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

IT IS FURTHER ORDERED that plaintiff must pay the $455.00 appellate filing fee in full, or within 30 days after service of this order file a motion for leave to appeal *in forma pauperis* with the Court of Appeals, as specified by Rule 24(a)(5) of the Federal Rules of Appellate Procedure and thereafter obtain an order from the Court of Appeals granting her leave to proceed *in forma pauperis*.

Dated: March 13, 2008                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge

-4-